[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10110
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00462-WSD-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE FLORES,
a.k.a. Guadalupe Salgado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 9, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Guadalupe Flores appeals his 57-month sentence, imposed after he pled guilty to the following charges:  (1) conspiracy to possess with intent to distribute heroin, cocaine, and methamphetamine; (2) possession with intent to distribute cocaine; (3) possession with intent to distribute heroin; and (4) possession with intent to distribute methamphetamine.  21 U.S.C. §§ 846, 841(a)(1).  Flores argues that his sentence, imposed at the top-end of the advisory guidelines range, placed an undue burden on him and his family while accomplishing "very little" with respect to the 18 U.S.C. § 3553(a) factors.

We review sentences under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A sentence must be both procedurally and substantively reasonable, *id.* at 51, though only the latter is at issue in this appeal.  In terms of substance, the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" set out in § 3553(a)(2).  18 U.S.C. 3553(a).  Reversal is only warranted "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted).  The party challenging the sentence bears the burden of establishing unreasonableness.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir.2005).

Flores has not demonstrated that his 57-month total sentence was substantively unreasonable.  The sentence was supported by the § 3553(a) factors, which the district discussed at length.  The district court specifically cited to and explained its consideration of Flores's criminal history, the seriousness of the instant offense, the need to provide criminal deterrence, and the need to avoid sentencing disparities.  Moreover, although Flores's total sentence was at the top-end of the applicable guidelines range, it nevertheless fell within that range and far below the statutory maximum sentence of life imprisonment—indeed, the sentence was well short of the mandatory-minimum prison term of 20 years.  For these reasons, we affirm Flores's sentence as substantively reasonable.

**AFFIRMED.**